IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| Ron Eberts,<br>    Plaintiff, | )<br>)<br>)<br>) |
| v. | ) CIVIL ACTION NO: _____<br>)<br>) |
| XPO Logistics, Inc.,<br>    Defendant. | )<br>)<br>) |

### PLAINTIFF'S ORIGINAL COMPLAINT

This case involves the Age Discrimination in Employment Act (ADEA). After years of ridicule about his age, whereby it became apparent that Defendant wanted Plaintiff to retire, Defendant relied on pretext in discharging Plaintiff for cause. Defendant's actions violated the ADEA and the Illinois Human Rights Act.

### PARTIES

1. Plaintiff is a resident of Illinois and was an employee at Defendant's location in Rock Island, Illinois.

2. Defendant is a global logistics provider with corporate headquarters in Greenwich, Connecticut.

3. Defendant operates a location in Rock Island, Illinois, at which the facts giving rise to this cause of action occurred.

### JURISDICTION

4. Jurisdiction is proper in accordance with 28 U.S.C. §§ 1331 and 1343, as well as 29 U.S.C. § 626(c)(1).

5. The Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

## VENUE

6. Venue is proper in accordance with 28 U.S.C. § 1391(b)(1) and (2).

## CONDITIONS PRECEDENT

7. All conditions precedent have been performed or have occurred.

## FACTS

8. Plaintiff was born on December 11, 1955.

9. At all relevant times, Plaintiff was over 40 years of age.

10. In approximately September 2015, Defendant acquired Plaintiff's previous employer, thereby making Plaintiff an employee of Defendant.

11. Plaintiff worked for Defendant at the location in Rock Island, Illinois.

12. Plaintiff's position was a trailer mechanic.

13. As a trailer mechanic, Plaintiff's duties consisted of completing repairs and preventative maintenance on trailers and semi-trailers, which included but wasn't limited to: checking lights; changing tires; greasing wheel bearings; checking fluids; checking pins and cotter pins; checking air lines; checking springs, air bags, and shocks; fixing doors, floors, and roofs; and completing overall repair work to ensure safe performance.

14. In the years preceding his discharge, Plaintiff was subjected to consistent ridicule by Defendant's employees Dave Marlow and Mike Mannon, both of whom held supervisory positions over Plaintiff. Such ridicule included, but was not limited to, the following on a consistent basis:

    a. Calling Plaintiff "old" and saying that he was "too old" to keep working for Defendant;

    b. Asking Plaintiff when he planned to retire and asking Plaintiff to specify a retirement date;

    c. Saying in conversations with other employees that they wished Plaintiff "would just retire already" and saying that they did not know why Plaintiff had not retired already;

  d. Asking Plaintiff if he was paying attention during meetings with other employees, which questions, from their context, made it apparent that they were directed towards Plaintiff because of his age; and

  e. Specifically pertaining to Marlow, making comments to other employees such as, "Every day is a new day for [Plaintiff]," which comments, from their context, made it apparent that they were made about Plaintiff because of his age.

15. Over time, as it became apparent Plaintiff had no immediate plans to retire, Marlow and Mannon's ridicule turned into heightened scrutiny—i.e., targeting—of Plaintiff's workplace performance.

16. Marlow and Mannon targeted Plaintiff and found any reason they could to subject Plaintiff to workplace discipline.

17. Marlow or Mannon, or another employee of Defendant's in a supervisory position over Plaintiff, openly discussed their attempt to target Plaintiff by stating words to the effect of, "I tried to get him fired. You should see his file. It's so full I had to start another folder."

18. Marlow and Mannon targeted Plaintiff in order to find reasons to discharge Plaintiff.

19. On approximately July 14, 2020, Defendant discharged Plaintiff.

20. Defendant's reasons for discharging Plaintiff, which they attributed to workplace performance, were pretext for Defendant's actual motivation, which was Plaintiff's age.

21. On approximately December 11, 2020, a human resources employee for Defendant named Samantha (LNU) called Plaintiff. During the call, Samantha threatened Plaintiff by saying words to the effect of, "Don't think about taking us to court; you know you were in the wrong," and "If you do take us to court, we will come after you."

## CAUSES OF ACTION

Count I—wrongful discharge (ADEA)

22. Plaintiff hereby incorporates all prior paragraphs of this complaint.

23. Defendant wrongfully discharged Plaintiff because of his age.

24. But-for Plaintiff's age, Defendant would not have discharged Plaintiff.

25. By wrongfully discharging Plaintiff based on his age, Defendant violated the ADEA, codified at 29 U.S.C. §§ 621—634.

<u>Count II—wrongful discharge (Illinois Human Rights Act)</u>

26. Plaintiff hereby incorporates all prior paragraphs of this complaint.

27. By wrongfully discharging Plaintiff based on his age, Defendant violated the Illinois Human Rights Act, codified at 775 ILCS 5/1-101 et seq.

## DAMAGES

28. As a result of the Defendant's actions, Plaintiff suffered the following damages:
    a. Lost wages, including lost retirement contributions;
    b. Loss of promotion opportunity;
    c. Mental and emotional pain and anguish in the past and in the future; and
    d. Injury to reputation in the past and in the future.

29. Liquidated damages are warranted in accordance with 29 U.S.C. § 626(b) due to the willful nature of Defendant's conduct.

## ATTORNEY FEES & COSTS

30. Plaintiff is entitled to and requests an award of attorney fees and litigation costs (including expert fees) pursuant to 29 U.S.C. § 626(b), incorporating 29 U.S.C. § 216(b), as well as 775 ILCS 5/10-102(C)(2).

## JURY DEMAND

31. Pursuant to Federal Rule of Civil Procedure 38, the Plaintiff hereby demands a jury trial.

## PRAYER FOR RELIEF

32. For these reasons, Plaintiff requests a judgment against Defendant for the following:

a. Reinstatement to a position Plaintiff would have held but for Defendant's discriminatory conduct;

b. Lost wages, including lost retirement contributions;

c. All other compensatory damages necessary to make Plaintiff whole;

d. Liquidated damages;

e. Attorney fees and litigation costs (including expert fees);

f. Prejudgment and postjudgment interest;

g. Court costs, including the cost of filing suit; and

h. All other relief which may be just and proper under the circumstances.

Respectfully submitted,

*CNC*
_____
C. Nicholas Cronauer
Bar No. 6305683
Cronauer Law, LLP
1101 DeKalb Ave, Ste 2
Sycamore, IL 60178
815-895-8585 (phone)
815-895-4070 (fax)
nc@cronauerlaw.com